UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
************************************
CITY OF SOMERVILLE,                *
      Plaintiff                    *
                                   *
v.                                 *    CIVIL ACTION
                                   *    NO _____
SHAWN WILLIAMS, as SUPERVISOR      *
OF PUBLIC RECORDS,                 *
      Defendant.                   *
                                   *
************************************
```

## COMPLAINT

INTRODUCTION

1.      This is an appeal under 28 U.S.C. § 1331 and M.G.L. c. 30A, §§ 14(1) and (7)(c), from the Final Decision of the Commonwealth of Massachusetts Supervisor of Public Records (the "Supervisor") dated January 6, 2015, ordering the City of Somerville to provide an unredacted copy of residential parking permits to Todd Wallack.

2.      The decision of the Supervisor of Public Records effectively orders the City of Somerville to release personal, private information of resident drivers that is by necessary implication exempt from disclosure under the Driver Privacy Protection Act, 18 U.S.C. § 2721. Furthermore, the decision of the Supervisor of Public Records effectively orders the City of Somerville to violate the right of privacy of resident drivers.  The decision has the impact of violating the equal protection clause of the state and federal constitution.

THE PARTIES

3.      The Plaintiff City of Somerville is a municipal corporation with offices at City Hall, 93 Highland Avenue, Somerville, MA 02143.

4.  The Defendant Shawn A. Williams as the Supervisor of Public Records has offices at One Ashburton Place, Room 1719, Boston, MA 02108.

JURISDICTION

5.  This action arises under a federal statute and this Court has jurisdiction pursuant to 18 U.S.C. §2724(a) (conferring jurisdiction on the United States District Courts for actions under the DPPA), 28 U.S.C. §1331 (federal question jurisdiction), and 28 U.S.C. §1337 (supplemental jurisdiction).

6.  Venue is appropriate in this Court because both parties have principal offices in this District.

STATUTORY AND REGULATORY FRAMEWORK

7.  Exemption (c) of the Massachusetts Public Records Law provides an exemption from disclosure for "… any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy." G. L. c. 4, § 7(26)(c).

8.  Exemption (a) of the Massachusetts Public Records Law provides an exemption from disclosure for records that are specifically or by necessary implication exempted from disclosure by statute. G.L. c. 4, § 7(26)(a).

FACTS

9.  On October 2, 2014, Todd Wallack sent a public records request to Suzanne Rinfret, Somerville Department of Traffic and Parking, requesting a copy of the City's electronic list of residential parking permits. (See Exhibit A, attached hereto and incorporated by reference).

10. On October 14, 2014, the City responded to the request indicating that it would provide the documents, except that it would redact the first name, last name, address, zip code, phone

numbers and email addresses of the permit holders, pursuant to Exemption (a) and Exemption (c) of the public records law. (Exhibit B, attached hereto and incorporated by reference).

11.     On November 12, 2014, the City provided an additional submission on behalf of the City. (Exhibit C, attached hereto and incorporated by reference).

12.     On January 6, 2015, the Supervisor of Public Records found that the City must either provide Mr. Wallack with an unredacted copy of the requested record, or provide an additional written explanation, with specificity, how a particular exemption applies to each record.  (Exhibit D, attached hereto and incorporated by reference).

13.  On January 16, 2015, the City provided an additional  written explanation as to how particular exemption applied to the records requested. (See Exhibit E, attached hereto and incorporated by reference).

14. On March 6, 2015, the Supervisor of Records acknowledged receipt of a request for reconsideration by Mr. Wallack.  (Exhibit F, attached hereto and incorporated by reference).

15.  On June 5, 2015, the Supervisor of Records ordered the City to provide unredacted records. (Exhibit G, attached hereto and incorporated by reference).

COUNT I

VIOLATION OF GENERAL LAWS, CHAPTER 30A Section 14 (7)

16.     The Plaintiff realleges and incorporates by reference each and every allegation as set forth in Paragraph's 1 – 15.

17.     By turning over the first name, last name, address, zip code, phone numbers, and email addresses of permit holders acquired by the City in connection with motor vehicle related permits, the City would effectively be turning over the same information for which the Driver's Privacy Protection Act contemplated non-disclosure, thereby frustrating the purpose of the Act.

18.	With respect to exemption (a), the personal information is by necessary implication exempt from disclosure by statute.

19.	With respect to exemption (c), the personal information constitutes data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy.

20.	The decision rendered by the Supervisor of Public Records was based upon an error of law, in violation of constitutional provisions, and arbitrary and capricious, in violation of G. L. c. 30A, Section 7(c).

## COUNT II --- VIOLATION OF DRIVER PRIVACY PROTECTION ACT – 18 U.S.C. 2721

21.	The Plaintiff incorporates by reference paragraph's 1 through 20 of the Complaint.

22.	The decision rendered by the Supervisor of Public Records effectively requires the City of Somerville to violate the privacy rights of residents in contravention of the intent of the Driver Privacy Protection Act (18 U.S.C. § 2721).

## COUNT III – VIOLATION OF RIGHTS OF PRIVACY – G.L. c. 214, § 1B

23.	The Plaintiff incorporates by reference paragraph's 1 through 22 of the Complaint.

24.	The decision rendered by the Supervisor of Public Records effectively requires the City of Somerville to violate the privacy rights of residents in violation of G.L. c. 214, § 1B.

## COUNT IV – EQUAL PROTECTION CLAUSE OF THE UNITED STATES' AND MASSACHUSETTS' CONSTITUTION

25.	The Plaintiff incorporated by reference paragraph's 1 through 24 of the Complaint.

26.	The decision rendered by the supervisor of Public Records effectively requires the City of Somerville to violate the equal protection clause of the United States and Massachusetts

Constitution, by creating an unlawful classification between drivers based upon whether they afford themselves of the privilege of obtaining a resident parking permit.

WHEREFORE, the Plaintiff prays that this Court enter an Order as follows:

1. Declaring that the Final Decision issued by the Supervisor of Public Records is an error of law and in violation of applicable federal and state law.

2. Declaring that the Final decision be vacated, and of no further force and effect;

3. Staying the Decision of the Supervisor of Public Records, pending resolution of this Appeal; and

4. Granting Plaintiff such other and further relief as the Court deems just and proper.

CITY OF SOMERVILLE
By its attorney,

/s/ David P. Shapiro
David P. Shapiro, BBO#565564
Assistant City Solicitor
Law Dept., City Hall
93 Highland Avenue
Somerville, MA 02143
(617) 625-6600, ext. 4400
law@somervillema.gov

Dated: 6/15/2015