


# The Commonwealth of Massachusetts
William Francis Galvin, Secretary of the Commonwealth
Public Records Division

Shawn A. Williams
*Supervisor of Records*

January 6, 2015
**SPR14/626**

Mr. David P. Shapiro, Esq.
Assistant City Solicitor
City of Somerville
93 Highland Avenue
Somerville, MA 02143

Dear Assistant City Solicitor Shapiro:

I have received the petition of Todd Wallack appealing the response of the City of Somerville (City) to his request for public records. G. L. c. 66 § 10(b); see also 950 C.M.R. 32.08(2). Specifically, Mr. Wallack requested a copy of the City's electronic list of residential parking permits that includes specifically identified information.

The Public Records Law strongly favors disclosure by creating a presumption that all governmental records are public records. G. L. c. 66, § 10(c); 950 C.M.R. 32.08(4). "Public records" is broadly defined to include all documentary materials or data, regardless of physical form or characteristics, made or received by any officer or employee of any town of the Commonwealth, unless falling within a statutory exemption. G. L. c. 4, § 7(26).

In an October 14, 2014 response letter, you stated that the City intended to provide Mr. Wallack with a copy of the responsive record. The City further stated that it would withhold the following information pursuant to Exemptions (a) and (c) of the Public Records Law: first name, last name, address, zip code, phone numbers, and email addresses of permit holders.

*Driver Privacy Protection Act*

In your response to Mr. Wallack's request you claim certain information would be withheld pursuant to the Driver's Privacy Protection Act (Act), as it operates under Exemption (a) of the Public Records Law, as you state the Act applies to permit non-disclosure of "all information *obtained from the Massachusetts Registry of Motor Vehicles*"(*emphasis added*). See G. L. c. 4, § 7(26)(a); 18 U.S.C. § 2721.

Mr. David P. Shapiro, Esq.  SPR14/626
Page Two
January 6, 2015

In a recent order from this office I found that information provided by citizens for resident parking permit programs does not qualify under the Act, as the information is not provided by the registry, as required in the Act. See SPR14/144 Determination of the Supervisor of Records (May 9, 2014); Reconsideration Denied September 17, 2014. Accordingly, the City is not permitted to withhold such information from disclosure under the Act.

*Exemption (c)*

Exemption (c) applies to:

> personnel and medical files or information; also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy

G. L. c. 4, § 7(26)(c)

Exemption (c) contains two distinct and independent clauses, each requiring its own analysis. Globe Newspaper Co. v. Boston Retirement Bd., 388 Mass. 427, 432-33 (1983). The second clause of Exemption (c) only protects intimate details of a highly personal nature while requiring a balancing of the public's right to know against the relevant privacy interests at stake. Att'y Gen. v. Ass't Comm'r of the Real Property Dep't of Boston, 380 Mass. 623, 625 (1980). The types of personal information which the second clause of this exemption is designed to protect includes: marital status, paternity, substance abuse, government assistance, family disputes and reputation. Id. at 626 n. 2.

The second clause of Exemption (c) requires a records custodian to perform a two-step analysis to determine whether the record may be withheld from disclosure. First, the records custodian must determine whether the information constitutes an "intimate detail of a highly personal nature." If so determined, then the records custodian must consider whether the privacy interests of the individual outweigh the public interest in disclosure of this information. See Attorney General v. Collector of Lynn, 377 Mass. 151, 156 (1979).

In its October 14th response, the City stated that "the public interest in disclosure does not outweigh the privacy interest of residents." The response fails to satisfy its burden in showing that the second clause of Exemption (c) could permit the withholding of information from the responsive record. As indicated above, a Custodian must first establish that the requested information consists of intimate details. The City did not establish that the information satisfies the first step, therefore it failed to meet its burden to justify nondisclosure.

Whereas the City may not permissibly withhold responsive information pursuant to Exemptions (a) or (c) of the Public Records Law, it is hereby ordered, within ten (10) days of this order, to provide Mr. Wallack with an unredacted copy of the requested record. If the City

Mr. David P. Shapiro, Esq.            SPR14/626
Page Three
January 6, 2015

maintains that any portions of the responsive record are exempt from disclosure it must, within ten (10) days provide to Mr. Wallack a written explanation, *with specificity*, how a particular exemption applies to each record. This administrative appeal is now closed.

                                       Very truly yours,

                                       Shawn A. Williams
                                       Supervisor of Records

cc: Mr. Todd Wallack