


# CITY OF SOMERVILLE, MASSACHUSETTS
## LAW DEPARTMENT

January 16, 2015

<u>Via e-mail and first class mail</u>

Todd Wallack
Boston Globe
135 Morrisey Blvd.
Boston, MA 02205

Re: SPR 14/626

Dear Mr. Wallack:

    In compliance with the decision dated January 6, 2015 by the Supervisor of Public Records, I write to provide a written explanation with specificity as to how particular exemptions apply to the records you have requested from the City of Somerville.

    Pursuant to G. L. c. 4, § 7(26)(c), we have performed a 2 step analysis regarding the requested records. First, we have determined that the requested information (first name, last name, address, phone number and email address) constitutes intimate details of a highly personal nature After careful consideration, we have determined that the privacy interests of the individual citizens of Somerville outweighs the interests of the public.

    "The phrase 'clearly unwarranted invasion of personal privacy' enunciates a policy that will involve a balancing of interests between the protection of an individual's private affairs from unnecessary public scrutiny, and the preservation of the public's right to government information. The application of this policy should lend itself particularly to those Government agencies where persons are required to submit vast amounts of personal data usually for limited purposes." <u>Doe v. Registrar of Motor Vehicles</u>, 26 Mass. App. Ct. 415, citing S. Rep. No. 813, 89th Cong., 1st Sess. (1965).

    The Driver's Privacy Protection Act restricts the disclosure of personal information collected by the Registry of Motor Vehicles in connection with a motor vehicle record. "Personal information' is statutorily defined by the Act as "information which identifies an individual, including the individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information….." 18 U.S.C. section 2725.



SOMERVILLE CITY HALL • 93 HIGHLAND AVENUE • SOMERVILLE, MASSACHUSETTS 02143
(617) 625-6600. EXT. 4400 • TTY: (617) 666-0001 • FAX: (617) 776-8847
somervillema.gov; E-mail: Law@somervillema.gov

Todd Wallack
Boston Globe
January 16, 2015
Page 2



    The drafters of the Driver's Privacy Protection Act could never have intended that other governmental agencies be compelled to disclose the same 'personal information' protected by the DPPA, when obtained by the agency in connection with a motor vehicle related permit. Given that the requested information is 'personal information' under the DPPA, it logically follows that it constitutes an "intimate detail of a highly personal nature" under the Massachusetts Public Records Law.

    <u>Attorney General v. Assistant Comm'r of the Real Property Dept. of Boston</u>, 380 Mass. 623, 626 n.2 (1980) provides examples of the types of personal information which the privacy exemption is designed to protect. The list is not exhaustive. (See SPR 3/077 concluding that email addresses provided to the Town of Arlington for notification purposes may be withheld under exemption (c)).

    <u>Atlas Transit v. Korte</u>, 21 WI App. 286 (2001), cited in prior Supervisor of Public Records decisions, stands for the key propositions that: 1) the DPPA does not expressly prohibit the release of the driver information and 2) the public has the right to know the names of individuals who are driving their children to and from school, when balancing the public and private interests of those involved. In <u>Atlas</u>, the Court said that "it would appear clear that safe and well administered transportation to and from our public schools is of importance...." and "the public's confidence in the school system and the public's interests in the safety of its children are implicated in this open records request."

    The dissent in <u>Atlas</u> recognized that the following argument was clear and compelling. "Simply put, the drafters of the DPPA could never have intended that other government agencies be compelled to disclose precisely the same 'personal information' protected by the DPPA."

    The City of Somerville acknowledges that the DPPA does not expressly prohibit the release of the driver information. However, the rationale of <u>Atlas</u> does not apply to private residents who obtain a resident permit. Residents should not be compelled to waive their privacy rights protected by federal law, merely because they own a vehicle and would like to obtain a motor vehicle related parking permit.

    With respect to exemption (a), for the reasons stated above, the personal information is by necessary implication exempt from disclosure by statute. By providing the information acquired in connection with motor vehicle related permits, the City would be effectively turning over the same information for which the DPPA contemplates non-disclosure, thereby frustrating the purpose of the Act.

    The City restates its offer to produce the permit number, issue date, expiration date, vehicle model/make/year, and license plate number. The City will redact the first name, last



name, address, phone numbers and email addresses of the permit holders, for the reasons set forth above.

    To the extent this is deemed a second denial of your request for public records, you have the right to appeal in accordance with the administrative process provided by the Supervisor of Public Records.

                            Very truly yours,

                            David Shapiro
                            Assistant City Solicitor

cc:    Shawn A. Williams, Supervisor of Public Records (by fax and first class mail)