

# The Commonwealth of Massachusetts
William Francis Galvin, Secretary of the Commonwealth
Public Records Division





Shawn A. Williams
*Supervisor of Records*

June 5, 2015
SPR14/626

Mr. David P. Shapiro, Esq.
Assistant City Solicitor
City of Somerville Law Department
Somerville City Hall
93 Highland Avenue
Somerville, MA 02143

Dear Attorney Shapiro:

    I have received the petition of Todd Wallack of the *Boston Globe* appealing the January 16, 2015 response of the City of Somerville (City) to his request for public records. G. L. c. 66 § 10(b); see also 950 C.M.R. 32.08(2). Specifically, Mr. Wallack requested a copy of the City's electronic list of residential parking permits that includes specifically identified information. On January 20, 2015, Mr. Wallack petitioned this office for reconsideration and to re-open his appeal based on your January 16, 2015 response.

    The Public Records Law strongly favors disclosure by creating a presumption that all governmental records are public records. G. L. c. 66, § 10(c); 950 C.M.R. 32.08(4). "Public records" is broadly defined to include all documentary materials or data, regardless of physical form or characteristics, made or received by any officer or employee of any town of the Commonwealth, unless falling within a statutory exemption. G. L. c. 4, § 7(26).

    In your initial response on October 14, 2014, you stated that the City would provide Mr. Wallack with a copy of the responsive record, however the following information would be withheld pursuant to Exemptions (a) and (c) of the Public Records Law: first name, last name, address, zip code, phone numbers, and email addresses of permit holders. The City claimed that the Driver's Privacy Protection Act (ACT) and the privacy clause of Exemption (c) will allow the City to withhold the information.

    After a review of Mr. Wallack's initial petition and the City's response, I found that the City had not met its burden of proving that the ACT and the privacy clause of Exemption (c)

Mr. David P. Shapiro, Esq.                                   SPR14/626
Page Two
June 5, 2015

would apply to redact this information from the records. On January 6, 2015, I ordered the City to provide Mr. Wallack with the records, or alternatively provide a more detailed written response to support its exemption claims.

*Driver's Privacy Protection Act*

In your 2014 response to Mr. Wallack's request you claimed that certain information would be withheld pursuant to the Act, as it operates under Exemption (a) of the Public Records Law, as you state the Act applies to permit non-disclosure of all information *"obtained from the Massachusetts Registry of Motor Vehicles"(emphasis added).* See G. L. c. 4, § (26)(a); 18 U.S.C. § 2721. My January 6 administrative order found that information provided by citizens to the City for resident parking permit programs does not qualify under the Act, as the information is not directly provided by the Registry of Motor Vehicles, as required in the Act. See SPR14/144 Determination of the Supervisor of Records (May 9, 2014); Reconsideration Denied September 17, 2014; see also Atlas Transit v. Korte, 21 WI App. 286 (2001).

Accordingly, I find that the Act will not operate to permit the City to withhold the withheld portions of the responsive records.

*Exemption (c)*

You also state that, as the requested information is 'personal information' under the Act, it logically follows that it constitutes an "intimate detail of a highly personal nature" under the Massachusetts Public Records Law. Exemption (c) applies to:

> personnel and medical files or information; also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy

G. L. c. 4, § 7(26)(c)

Exemption (c) contains two distinct and independent clauses, each requiring its own analysis. Globe Newspaper Co. v. Boston Retirement Bd., 388 Mass. 427, 432-33 (1983). The second clause of Exemption (c) only protects intimate details of a highly personal nature while requiring a balancing of the public's right to know against the relevant privacy interests at stake. Att'y Gen. v. Ass't Comm'r of the Real Property Dep't of Boston, 380 Mass. 623, 625 (1980). The types of personal information which the second clause of this exemption is designed to protect includes: marital status, paternity, substance abuse, government assistance, family disputes and reputation. Id. at 626 n. 2.

Mr. David P. Shapiro, Esq.  SPR14/626
Page Three
June 5, 2015

The second clause of Exemption (c) requires a records custodian to perform a two-step analysis to determine whether the record may be withheld from disclosure. First, the records custodian must determine whether the information constitutes an "intimate detail of a highly personal nature." If so determined, then the records custodian must consider whether the privacy interests of the individual outweigh the public interest in disclosure of this information. See Attorney General v. Collector of Lynn, 377 Mass. 151, 156 (1979).

In both its responses, the City stated that the public interest in disclosure does not outweigh the privacy interest of residents. However, the City has failed to prove how names, addresses, telephone numbers and email addresses are intimate details of a highly personal nature. Names, addresses and telephone numbers are regularly available to the public through other sources such as voter lists and census records. See Pottle v. School Committee of Braintree, 395 Mass. 861, 866 (1985) (availability of information from other sources factor in determination of privacy claim). Only if an individual has taken steps to protect an "unlisted" telephone number, may the City withhold the telephone number under Exemption (c). I reaffirm my January 6 order, and find that the City must provide the records.

Accordingly, whereas the City may not permissibly withhold the parking permit records pursuant to Exemptions (a) or (c) of the Public Records Law, the City is hereby ordered to provide Mr. Wallack with the parking permit list within ten (10) days. If the City is planning to charge Mr. Wallack for the cost of providing the records, he must receive a written, good faith estimate. Once Mr. Wallack pays the estimate, he must receive the records.

Very truly yours,

Shawn A. Williams
Supervisor of Records

cc: Mr. Todd Wallack