UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CITY OF SOMERVILLE,                     \*
          Plaintiff                     \*
                                        \*
v.                                      \*          CIVIL ACTION
                                        \*          NO 1:15-CV-12331
SHAWN WILLIAMS, as SUPERVISOR           \*
OF PUBLIC RECORDS,                      \*
          Defendant.                    \*
                                        \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>MOTION TO STAY PENDING JUDICIAL REVIEW</u>

The Plaintiff hereby moves for a stay of the decision of the Supervisor of Records

pending judicial review of the decision dated January 6, 2015.  The Supervisor of Public Records

ordered the City of Somerville to provide an unredacted copy of residential parking permits to

Todd Wallack.

By turning over the first name, last name, address, zip code, phone numbers, and email

addresses of permit holders acquired by the City in connection with motor vehicle related

permits, the City would effectively be turning over the same information for which the Driver's

Privacy Protection Act, 18 U.S.C. § 2721, contemplated non-disclosure, thereby frustrating the

purpose of the Act.

The Plaintiff alleges that the decision rendered by the Supervisor of Public Records was

rendered in violation of G. L. c. 30A, Section 7(c).

Pursuant to G. L. c. 30A, § 14(3), "the agency may stay enforcement, and the reviewing

court may order a stay upon such terms as it considers proper."

The Plaintiff initially sought a stay in writing from the Defendant. (See Exhibit A). The

Defendant will not voluntary grant a stay. .

A stay should be granted because the Plaintiff's Complaint will present complex and novel legal questions involving the Driver's Privacy Protection Act.  The consequences of the Supervisor's decision are far-reaching and have an immediate impact on the privacy expectations of the residents of Somerville. Absent a stay, the Plaintiff will suffer irreparable injury because it would effectively moot the issue be releasing information for which residents have an expectation of privacy, without first having judicial review.  By granting a stay, the Court affords an opportunity for judicial review without disturbing the status quo.  The Defendant will not be prejudiced by the stay. The ends of justice will best be served by the maintenance of the status quo pending completion of judicial review of the agency's decision.

Wherefore, the Plaintiff requests as a stay of enforcement pending judicial review.

CITY OF SOMERVILLE
By its attorney,


/s/ David P. Shapiro_____
David P. Shapiro, BBO#565564
Assistant City Solicitor
Law Dept., City Hall
93 Highland Avenue
Somerville, MA 02143
(617) 625-6600, ext. 4400
Dated: __6/15/2015_____        law@somervillema.gov

CERTIFICATE OF SERVICE

This certifies that on June 15, 2015, a true copy of the above document was served by 1st class mail, postage prepaid to Shawn A. Williams, Supervisor of Public Records, One Ashburton Place, Room 1719, Boston, MA 02108 and  Catherine E. Sullivan, Esq., Attorney General's Office, Government Bureau, One Ashburton Place, Boston, MA 02108


/s/ David P. Shapiro_____
David P. Shapiro
Assistant City Solicitor