
HARVARD LAW LIBRARY
3 2044 061 319 786

EXHIBIT B

PHI
965.4
AGP

STATUTORY CONSTRUCTION

UP LAW COMPLEX

Copyright, 1986

by the
U.P. Legal Resources Center
for
RUBEN E. AGPALO

All rights reserved. No part of this book may be reproduced in any manner without the written permission of the Author, except brief quotations in critical articles or reviews, legal briefs or memoranda.

For information, write the Director, Legal Resources Center, U.P. Law Complex, Bocobo Hall, Diliman, Quezon City, Philippines.

*Published by*
Law Publishing House
Legal Resources Center

ISBN No. 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-9

*Printed by*
University of the Philippines Press
Diliman, Quezon City

Other book by the author:
   LEGAL ETHICS (U.P. Law Complex):
      First Edition, 1980
      Second Edition, 1983
      Third Edition, 1985

ii

requirements would be deemed sufficient to enable the court to acquire jurisdiction over the naturalization case.[88]

### 4.23. Number and gender of words.

It is a maxim of statutory construction that when the context of a statute so indicates, words in plural include the singular, and vice versa. A plural word in a statute may thus apply to a singular person or thing, just as a singular word may embrace two or more persons or things. Thus, Article 996 of the Civil Code which provides that "if a widow or widower and legitimate children and descendants are left, the surviving spouse has in the succession the same share as that of each of the children" applies to a situation where there is only one child because "children" includes "child."[90] The term any "candidate" used in the Election Code comprehends "some candidates" or "all candidates;" "any person" is not limited to "any person" in the singular, but is applicable as well to two or more persons. A word may be construed to mean, and indeed it has been frequently used in its enlarged and plural or singular sense, as meaning "all," "all or every," "each," "each or all," "every,' without limitation; indefinite number or quantity, an indeterminate unit or number of units out of many or all, one or more as the case may be, several, some.[91]

It is also a rule of statutory construction that in construing a statute the masculine, but not the feminine, includes all genders, unless the context in which the word is used in the statute indicates otherwise.[92]

## C. IMPLICATIONS

### 4.24. Doctrine of necessary implication.

No statute can be enacted that can provide all the details involved in its application. There is always an omission that may

---

[88]Lim Co Chui v. Posadas, 47 Phil. 460 (1925).

[89]Co Quing y Reyes v. Republic, 104 Phil. 889 (1958); Cui v. Republic, 101 Phil. 649 (1957).

[90]Santillon v. Miranda, G.R. No. 19281, June 30, 1965, 14 SCRA 568 (1965).

[91]Gatchalian v. Commission on Elections, G.R. No. 32560, Oct. 22, 1970, 35 SCRA 435 (1970).

[92]Snyder's Estate v. Denit, 72 A2d 757, 18 ALR2d 663 (1950).

not meet a particular situation. What is thought, at the time of enactment, to be an all-embracing legislation may be inadequate to provide for the unfolding events of the future. So-called gaps in the law develop as the law is enforced. One of the rules of statutory construction used to fill in the gap is the doctrine of necessary implication. The doctrine states that what is implied in a statute is as much a part thereof as that which is expressed.[93] Every statute is understood, by implication, to contain all such provisions as may be necessary to effectuate its object and purpose, or to make effective rights, powers, privileges or jurisdiction which it grants, including all such collateral and subsidiary consequences as may be fairly and logically inferred from its terms.[94] *Ex necessitate legis.* And every statutory grant of power, right or privilege is deemed to include all incidental power, right or privilege. This is so because the greater includes the lesser, expressed in the maxim, *in eo plus sit, simper inest et minus.*[95]

The term "necessary implication" is one that is so strong in its probability that the contrary thereof cannot reasonably be supposed.[96] It is one which, under the circumstances, is compelled by a reasonable view of the statute, and the contrary of which would be improbable and absurd.[97] Necessity, the "great master of all things,"[98] defines what may properly and logically be inferred from and read into the statute. It includes such inferences as may logically be drawn from the purpose or object of the statute, from what the legislature must be presumed to have intended, and from the necessity of making the statute effective and operative. It excludes what is merely plausible, beneficial or desirable. The doctrine of necessary implication may not therefore be used to justify the inclusion in a statute of what to the court appears to be wise and just, unless it is at the same time necessarily and logically within its

---

[93]In re Dick, 38 Phil. 41 (1918); City of Manila v. Gomez, G.R. No. 37251, Aug. 31, 1981, 107 SCRA 98 (1981); Escribano v. Ovila, G.R. No. 30375, Sept. 12, 1978, 85 SCRA 245 (1978).

[94]Go Chico v. Martinez, 45 Phil. 256 (1923); Gatchalian v. Commission on Elections, G.R. No. 32560, Oct. 22, 1970, 35 SCRA 435 (1970); People v. Uy Jui Pio, 102 Phil. 679 (1957).

[95]See People v. Aquino, 83 Phil. 614 (1949).

[96]First National Bank v. De Berriz, 105 SE 900.

[97]Gilbert v. Craddock, 67 Kan 346, 72 P 867.

[98]U.S. v. Ah Chong, 15 Phil. 488, 500 (1910).